UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMANUEL TESFAY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CJC-25-1242 |
| TRAVEL CENTERS OF AMERICA, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Pending before the Court are two motions: Defendant's Motion for Attorneys' Fees (the "Fee Motion"), ECF No. 25, and Plaintiff's combined Motion to Dismiss Without Prejudice, Motion to Vacate Judgment, and Motion for Sanctions (the "Omnibus Motion"), ECF No. 30. For the reasons stated below, Defendant's Fee Motion is GRANTED. Plaintiff's Omnibus Motion is GRANTED IN PART AND DENIED IN PART. The Court construes Plaintiff's "Motion to Dismiss Without Prejudice" as a request for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court grants the request for voluntary dismissal on the specific condition that Plaintiff and Plaintiff's counsel must pay the judgment imposed within 30 days of this Order. Failure to do so shall result in dismissal with prejudice.

**I.     RELEVANT BACKGROUND**

On November 19, 2025, I granted Defendant's motion for sanctions against Plaintiff due to Plaintiff's failure to cooperate in discovery. *See* ECF No. 24. Specifically, Plaintiff failed to comply with this Court's August 21, 2025, Order requiring Plaintiff to respond to all outstanding discovery requests by August 29, 2025. ECF No. 24 at 2–3. Plaintiff also twice failed to attend his own deposition, despite agreeing to the depositions and receiving proper notice of the

depositions. ECF No. 24 at 3. Relying on the broad discretion afforded to the Court in discovery matters, I sanctioned Plaintiff by finding that Plaintiff waived any objections to Defendant's request for production of documents. ECF No. 24 at 4. I further ordered Plaintiff to pay the costs assessed to Defendant for Plaintiff's untimely cancellations of both depositions. ECF No. 24 at 4. Finally, consistent with Rule 37(b)(2)(C), I ordered Plaintiff to pay Defendant's attorneys' fees caused by Plaintiff's discovery violations. ECF No. 24 at 4. I directed Defendant to submit a bill of costs and a supporting affidavit no later than December 15, 2025, justifying a reasonable sum for attorneys' fees. ECF No. 24 at 4. Defendant did so on December 11, 2025. ECF No. 25. Plaintiff did not file a response.

On January 6, 2026, the parties were scheduled to attend a settlement conference before the Honorable Erin Aslan. ECF No. 19. However, Judge Aslan canceled the settlement conference after Plaintiff and his counsel both failed to appear. ECF No. 28. Significantly, Judge Aslan noted that the parties had agreed to the settlement conference date in August 2025, and that, in addition to failing to appear, Plaintiff's counsel also failed to comply with the Court Order requiring all parties to submit an *ex parte* statement in advance of mediation. ECF No. 28.

Also on January 6, I scheduled a status conference for January 13 at 10:00 a.m. ECF No. 29. That same day, Plaintiff filed his Omnibus Motion seeking dismissal of his own case without prejudice. ECF No. 30. Plaintiff also asks this Court to vacate any judgments entered and to impose sanctions against Defendant for Defendant's alleged discovery violations. ECF No. 30.

I held a status conference on January 13. ECF No. 32. Counsel for Defendant was present. Plaintiff's counsel did not appear, nor did he contact the Court to advise of any scheduling conflict or inability to attend. By a conservative estimate, Plaintiff's counsel's failure to attend the January 13 status conference is the third consecutive Court order that he has

ignored. *See* ECF Nos. 19, 28 (Order scheduling settlement conference; Plaintiff's counsel did not appear); ECF Nos. 20, 24 (Order requiring Plaintiff to respond to all outstanding discovery; Plaintiff's counsel did not fully comply); and ECF No. 29 (Order scheduling status conference; Plaintiff's counsel did not appear).[1]

## II.  ANALYSIS

I turn first to Defendant's Fee Motion before addressing the myriad issues in Plaintiff's Omnibus Motion.

### A.  Defendant's attorneys' fees and costs are reasonable.

Defendant seeks $7,900 in attorneys' fees and $878.89 in costs for a total of $8,778.89. ECF No. 25-1. "In calculating an award of attorney[s'] fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Int'l Painters & Allied Trades Indus. Pension Fund v. Niles Indus. Coatings, LLC*, Civil Action No. RDB-20-0619, 2023 WL 6619371, at *5 (D. Md. Oct. 11, 2023) (quoting *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012)). Several factors guide this reasonableness inquiry:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which

---

[1] This estimate is conservative because the docket reflects other times where Plaintiff's counsel failed to attend Court proceedings or abide by Court protocol. *See* ECF No. 8 (reflecting Plaintiff's counsel's failure to jointly submit a status report regarding the initial scheduling order); ECF No. 9 (reflecting Plaintiff's counsel's failure to attend an initial case management conference call with the Honorable Matthew J. Maddox); and repeated failures by Plaintiff to respond to Defendant's motions and discovery dispute correspondence, ECF Nos. 16, 17, 21, 23, 25.

> the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009) (citing *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974))).

Many of the above factors are not relevant to a determination of attorneys' fees relating to a discovery dispute. *See Burley v. Baltimore Police Dep't*, Civil Action No. SAG-18-1743, 2020 WL 1984906, at *2 (D. Md. Apr. 27, 2020). Rather, "the most relevant *Johnson* factors are the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys." *Id.* I discuss the reasonableness of Defendant's counsel's hourly rate and hours expended in connection with these factors.

### 1. Experience, reputation, and ability of the attorneys

Andrew Stephenson, counsel for Defendant, has submitted an affidavit describing the experience and background of Defendant's legal team to justify their respective hourly rates. As part of the calculation of a fee award, the Court "must consider all relevant evidence to determine the prevailing market rates in the relevant community . . . including lawyer affidavits, fee awards in similar cases, general surveys, fee matrices, and even its own personal knowledge." *De Paredes v. Zen Nails Studio LLC*, 134 F.4th 750, 754 (4th Cir. 2025) (citation modified). When considering a published fee matrix, like the Fitzpatrick Matrix, Loc. R. App'x B.3 (D. Md. 2025), the Court cannot "elevate a matrix above all other types of evidence or treat a matrix as establishing a presumptive answer or range of answers." *De Paredes*, 134 F.4th at 754.

Mr. Stephenson's affidavit describes each team member's professional credentials, including their title or role and years spent practicing. Mr. Stephenson is a Principal at the law

firm of Franklin & Prokopik, P.C. ("Franklin & Prokopik"), which is located in Baltimore. ECF No. 25-2 ¶ 2. Mr. Stephenson has been practicing law for more than 25 years. ECF No. 25-2 ¶ 2. As Principal, his hourly rate is $250. ECF No. 25-2 ¶ 5. Pavel Glazunov is an Associate at Franklin & Prokopik with approximately 4 years of experience. ECF No. 25-2 ¶ 3. Mr. Glazunov's hourly rate is $195. ECF No. 25-2 ¶ 5. Amanda Moran is a Paralegal at Franklin & Prokopik with an hourly rate of $150. ECF No. 25-2 ¶¶ 4–5.

I find these rates reasonable. The affidavit of Mr. Stephenson establishes that the attorneys and paralegal working on this matter are experienced, and that their rates are comparable to the fee rates of other Baltimore law firms that provide similar legal services. *See* ECF No. 25-2 ¶¶ 6–7. Moreover, I note that the rates fall well below those set forth in the Fitzpatrick Matrix for attorneys with commensurate experience. *See* Loc. R. App'x B.3 (D. Md. 2025). While the Fitzpatrick Matrix is not dispositive, it is a relevant data point in the Court's analysis and supports the reasonableness of Defendant's fees.

### 2. Time and labor expended

The fee detail demonstrates that Defendant's counsel spent a combined 45.5 hours of legal work dating back to August 1, 2025, through the filing of their request for fees. *See* ECF No. 25-3. The fee detail and Mr. Stephenson's affidavit describe the efforts undertaken by Defendant's counsel to obtain discovery from Plaintiff. Those efforts include, but are not limited to, communicating with Plaintiff's counsel regarding Plaintiff's depositions; preparing for Plaintiff's depositions; attending the depositions, at which Plaintiff and his attorney failed to appear; drafting correspondence to the Court regarding Plaintiff's discovery violations; and drafting discovery-related motions seeking sanctions and fees. *See* ECF Nos. 25-2 ¶ 9, 25-3. It is evident from the fee detail that Plaintiff's failure to prosecute his own case and participate in

discovery necessitated the steps that Defendant took to obtain Court intervention. Accordingly, I find that the time and labor expended from and including August 1, 2025, through December 11, 2025, is reasonable under the circumstances.

### 3. Novelty and difficulty of the questions raised, and skill required to properly perform the legal services rendered.

These two factors are interrelated. The discovery issues presented in this case were not novel or substantively complex. Given the straightforward nature of the issues, Mr. Stephenson appears to have appropriately delegated much of the legal work to Mr. Glazunov, who is an associate and bills at a lower rate. Defendant's counsel exercised sound billing judgment by limiting the fees where possible. Accordingly, these factors support the reasonableness of Defendant's attorneys' fees.

### 4. Defendant's costs

I ordered Plaintiff to pay the costs assessed to Defendant for Plaintiff's failure to attend his two scheduled depositions. Defendant submitted an itemization of costs and supporting invoices reflecting that Planet Depos, a court reporting company, charged Defendant $528.89 for the cancellation of the August 8, 2025, deposition of Plaintiff and $350 for the cancellation of the September 2, 2025, deposition of Plaintiff, for a total of $878.89. *See* ECF No. 25-1, -4. These costs are facially valid and will be awarded to Defendant.

### B. Plaintiff and Plaintiff's counsel must pay Defendant's attorneys' fees and costs.

The only remaining issue regarding Defendant's attorneys' fees is who will pay the fees. Rule 37(b) permits the Court to impose attorneys' fees against the disobeying party, the party's attorney, or both. Fed. R. Civ. P. 37(b)(2)(C). "In apportioning fees between counsel and client, the central question is: who is responsible for the misconduct?" *Park v. Kim*, No. 20 CV 2636

(PKC)(LB), 2024 WL 5643192, at *4 (E.D.N.Y. May 1, 2024). In the Fourth Circuit, courts generally apportion fees to the party, the party's attorney, or both only if there is evidence that they contributed to a discovery violation. *See Doe v. Mast*, No. 3:22CV00049, 2025 WL 1787436, at *5 (W.D. Va. June 27, 2025) ("some district courts make the attorney pay only when it is clear that discovery was unjustifiably opposed principally at his or her instigation." (citation modified)); *NOA, LLC v. Khoury*, No. 5:14-CV-114-FL, 2016 WL 4444770, at *6 (E.D.N.C. Aug. 23, 2016) (imposing fees solely against attorneys because of their inadequate discovery responses); *see also Vaughn v. Grand Brands, LLC*, No. 2:19CV596, 2020 WL 5743215, at *5 (E.D. Va. Sept. 25, 2020) (imposing fees under Rule 37(a)(5)(a) against attorneys alone because "[t]he Court has been presented no information suggesting that Plaintiff … was the instigating force behind the decision to refuse to cooperate").

Here, the evidence supports holding both Plaintiff and Plaintiff's counsel responsible for the judgment. Both Plaintiff and his counsel failed to appear for the two scheduled depositions. For Plaintiff's counsel's part, he failed to respond to all of Defendant's outstanding discovery requests, in violation of the Court's express order. *See NOA*, 2016 WL 4444770, at *6 (finding responsibility for inadequate discovery responses "usually, and appropriately, falls at the feet of counsel"). Based on this clear evidence, the Court finds it appropriate to impose costs and fees jointly and severally.

Accordingly, judgment will be entered in favor of Defendant and against Plaintiff and Plaintiff's counsel in the amount of $8,778.89.

### C.     Plaintiff's Omnibus Motion is procedurally and substantively flawed.

Plaintiff's Omnibus Motion is rife with defects. It is neither procedurally nor substantively proper. I begin with two initial observations. First, the Plaintiff, Amanuel Tesfay,

7

has attempted to unilaterally substitute ETA Trucking as the plaintiff. *See* ECF No. 30. ETA Trucking is a not a party to this case. Plaintiff did not amend his Complaint within the time prescribed by the Federal Rules of Civil Procedure or this Court's Scheduling Order to add ETA Trucking as a party, and Plaintiff did not seek leave to do so. Accordingly, the Court disregards Plaintiff's attempt at party substitution and construes the Omnibus Motion as filed by Amanuel Tesfay, the sole Plaintiff in this action.

Second, the Omnibus Motion is an amalgam of requests that Plaintiff should have filed as standalone motions with a supporting memorandum. *See* Loc. R. 105.1 (D. Md. 2025) (requiring a memorandum to accompany any motion). Plaintiff's requests are inherently contradictory. Plaintiff requests dismissal of the case because the Court lacks subject matter jurisdiction. ECF No. 30 at 3. Yet, Plaintiff simultaneously asks the Court to retain jurisdiction for the purpose of imposing sanctions against Defendant. ECF No. 30 at 4. Even more confusing, Plaintiff also seeks vacatur of a judgment pursuant to Federal Rule of Civil Procedure 60(b), which, in essence, is a request to reopen a case following the district court's final judgment, order, or proceeding. ECF No. 30 at 2. At bottom, the Omnibus Motion makes little sense. It spans 5 pages, fails to cite a single case, and lacks clear reasoning. The form and substance of the Omnibus Motion are flawed, as set out in greater detail below.

> **1. The Court denies Plaintiff's request to vacate the Court's judgment.**

Plaintiff asks this Court to vacate any judgment under Rule 60(b) "due to excusable misunderstanding regarding deposition logistics, mischaracterization of discovery conduct, and a lack of prejudice to the Defendant . . ." ECF No. 30 at 2. Plaintiff's request is premature and procedurally improper.

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Rule 60(b)(1) provides that a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." *Id.* (citing Fed. R. Civ. P. 60(b)(1)). Rule 60(b)(3) allows a party to seek relief for "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." *Id.*

Critically, Rule 60(b) provides an avenue for relief only after the district court has entered a *final* judgment, order, or proceeding. As the Advisory Committee Notes makes plain, "[t]he addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule." Fed. R. Civ. P. 60(b) Advisory Committee's Note to the 1946 Amendment.

Plaintiff erroneously filed the Omnibus Motion seeking vacatur of "any judgments" before entry of any final judgment, order, or proceeding on the merits. ECF No. 30 at 5. While the Court had ordered Plaintiff to pay Defendant's attorneys' fees for Plaintiff's discovery violations, that Order was hardly "final" within the meaning of Rule 60(b). *See Gonzalez v. Wicked Taco LLC*, No. 1:23-CV-09555 (NCM)(JAM), 2025 WL 3755601, at *3 (E.D.N.Y. Jan. 23, 2025) ("Discovery orders are not final judgments, orders, or proceedings. . . . Consequently, a party seeking relief from a court's discovery order may not resort to Rule 60(b)" (citation modified)).[2]

---

[2] Plaintiff's Rule 60(b) request is also perplexing because Plaintiff makes this request along with a request for dismissal due to lack of subject matter jurisdiction. ECF No. 30 at 5. Thus, Plaintiff seeks both a reopening *and* a dismissal of his lawsuit at once. Plaintiff cannot have it both ways.

To the extent that Plaintiff's Rule 60(b) request is intended as a request for reconsideration of the Court's order imposing sanctions, that request is denied as untimely. Plaintiff had several opportunities to challenge Defendant's request for discovery sanctions and failed to do so. First, Plaintiff never responded to the *three* separate letters filed by Defendant, in which Defendant advised the Court of Plaintiff's discovery violations. Second, Plaintiff never filed a response in opposition to Defendant's motion seeking sanctions. Third, Plaintiff failed to file any request for reconsideration of the Court's November 19, 2025, Order imposing sanctions. *See* Loc. R. 105.10 (providing 14 days for a party to file any motion to reconsider any order issued by the Court). Fourth, Plaintiff did not file any response in opposition to Defendant's request and affidavit supporting attorneys' fees and related bill of costs, despite the Court's specific invitation to Plaintiff to file any response within 14 days after the filing of Defendant's request. ECF No. 24 at 5. These repeated failures reflect that Plaintiff and his counsel were content with the record regarding Plaintiff's discovery failures and the Court's orders regarding the same.

### 2. The Court denies Plaintiff's request for sanctions against Defendant.

As noted above, Plaintiff had many opportunities to develop a record of any purported discovery violations by Defendant. Plaintiff could have advised the Court of Defendant's alleged discovery failures by either responding to Defendant's discovery-related correspondence and motions or by filing his own correspondence and motions during the discovery period. Discovery closed on October 2—more than 90 days before the filing of Plaintiff's Omnibus Motion. Plaintiff offers no explanation for the untimely sanctions request. The alleged discovery violations that Plaintiff describes are precisely the kind of discovery disputes that my discovery dispute procedure was designed to resolve. *See* ECF No. 15. Plaintiff should have raised these

disputes earlier and in conformance with my protocol. Plaintiff chose not to do so, and discovery is now closed. Plaintiff's belated request for sanctions is therefore denied.

### 3. The Court denies Plaintiff's motion to dismiss for lack of subject matter jurisdiction.

Plaintiff seeks dismissal of his lawsuit on the ground that the Court no longer has subject matter jurisdiction "[b]ecause Plaintiff's amended 'amount in controversy' is no longer more than $75,000, exclusive of interests and costs." ECF No. 30 at 1. In addition, Plaintiff appears to seek remand of this case back to the Circuit Court for Washington County due to a lack of subject matter jurisdiction. *See* ECF No. 30 at 3 (citing 28 U.S.C. § 1447(c)).

As noted above, Plaintiff did not amend his Complaint. The time to amend as a matter of course has long expired, and Plaintiff did not file a proper motion seeking leave to amend his Complaint. Thus, the amount in controversy articulated in the Complaint at the time of removal—"an amount greater than $75,000, plus costs"—remains the operative factual allegation for jurisdictional purposes. ECF No. 30 at 3.

Even if the amount in controversy had fallen below the jurisdictional threshold, that would not deprive the Court of subject matter jurisdiction at this stage. Courts have repeatedly found, based on settled Supreme Court precedent, that "a post-removal 'amendment of [plaintiff's] pleadings,' that 'reduces the claim below the requisite amount ... does not deprive the district court of jurisdiction.'" *Burgess v. Pfizer, Inc.*, No. 7:19-CV-235-FL, 2020 WL 1812010, at *2 (E.D.N.C. Apr. 9, 2020) (quoting *Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)); *see also, e.g.*, *Coleman v. Countrywide Home Loans, Inc.*, Civil Action No. L-10-2297, 2010 WL 5055788, at *2 (D. Md. Dec. 3, 2010); *Hatcher v. Lowe's Home Ctrs., Inc.*, 718 F. Supp. 2d 684, 687 (E.D. Va. 2010); 13E Wright & Miller's Federal Practice & Procedure § 3608 (3d ed. 2025).

11

Because Plaintiff did not properly amend his Complaint to reduce the amount in controversy, and any such reduction would not deprive this Court of subject matter jurisdiction in the first instance, Plaintiff's request for "mandatory" dismissal without prejudice is denied.

### D. The Court construes Plaintiff's motion to dismiss as a request for voluntary dismissal.

While I will not grant Plaintiff's request for dismissal for lack of subject matter jurisdiction, I will construe Plaintiff's request as a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). Rule 41(a)(2) allows the Court to dismiss an action "on terms that the [C]ourt considers proper." Fed. R. Civ. P. 41(a)(2). The Court should consider the following non-exclusive factors when deciding whether to dismiss an action pursuant to Rule 41(a)(2): "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) an insufficient explanation of the need for a dismissal; and (4) the present state of the litigation." *Catlett v. Young & Assocs., P.A.*, No. CV 0:17-3236-DCN-PJG, 2018 WL 6926607, at *1 (D.S.C. Oct. 1, 2018), *report and recommendation adopted*, No. 3:17-CV-3236 DCN, 2018 WL 6921930 (D.S.C. Oct. 23, 2018) (citing *Miller v. Terramite Corp.*, 114 Fed. App'x 536, 540 (4th Cir. 2004)).

The Court may grant a request for voluntary dismissal either without prejudice or with prejudice if the plaintiff fails to satisfy particular conditions. "Unless the order states otherwise, a dismissal" pursuant to Rule 41(a)(2) "is without prejudice." Fed. R. Civ. P. 41(a)(2). "It is implicit in this language that the district court may dismiss the plaintiff's action either without prejudice or, by so specifying, with prejudice." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993). "Rule 41(a)(2) 'permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice.'" *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 60 (D. Md.

1998) (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.1987)). The Court "may require that the dismissal will become prejudicial if certain conditions are not met, so long as considerations of due process and fundamental fairness are taken into account and the party requesting dismissal is given 'explicit and clear' warning of the harsh consequences of failing to comply with the court's conditions." *Id.* (quoting *Choice Hotels*, 11 F.3d at 471).

Here, application of the factors supports dismissal of this lawsuit. With respect to Defendant's effort and expense in preparing for trial, Defendant's fee detail provides remarkable clarity. The fee detail shows that Defendant has been attempting to obtain discovery from Plaintiff for at least the past four months. *See* ECF No. 25-3. Defendant's discovery gains have been limited and only after considerable effort. Plaintiff partially responded to Defendant's discovery requests only after the Court ordered compliance, and Plaintiff never sat for a deposition. Indeed, it is Defendant, not Plaintiff, that has been actively litigating this case.

For these same reasons, the second factor—excessive delay or lack of diligence on the part of the movant—also supports dismissal. As described above, Plaintiff has displayed a troubling pattern of failing to cooperate in discovery and failing to appear for Court proceedings.

The third factor—an insufficient explanation of the need for dismissal—also weighs in favor of dismissal. Plaintiff has not moved to amend his Complaint and has offered no explanation for the abrupt attempt to substitute ETA Trucking as the plaintiff and reduce the amount in controversy. Rather, it appears that the request for dismissal is Plaintiff's attempt to evade the Court's Order imposing sanctions.

Finally, the present state of the litigation warrants dismissal. Discovery closed on October 2 and the deadline for dispositive motions was November 3. If this case were to proceed, the Court's next task would be to hold a pretrial scheduling conference. However, given the myriad

discovery issues, including Defendant's inability to depose Plaintiff and obtain complete discovery, trial seems inconceivable. The lack of progress in this case due to Plaintiff's failure to prosecute, and the fact that the Court has not yet set *any* dates in connection with trial, militate in favor of dismissal.

I further find that this is a case in which it is necessary to specify that the voluntary dismissal shall be with prejudice if the judgment ordered in this case is not paid within 30 days of this Order.

### III.    CONCLUSION

For the reasons stated above, Defendant's Fee Motion is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff and Plaintiff's counsel in the amount of $8,778.89.

Plaintiff's Omnibus Motion is GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's request to vacate any judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is DENIED. Plaintiff's request for sanctions against Defendant is DENIED. The Court construes Plaintiff's "Motion to Dismiss Without Prejudice" as a request for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

The Court grants the request for voluntary dismissal and hereby dismisses this action. The dismissal shall be with prejudice if Plaintiff and Plaintiff's counsel fail to pay the judgment imposed within 30 days of the date of this Order.

A separate order consistent with this Opinion follows.

Date: January 22, 2026                               _____/s/_____
                                                     Chelsea J. Crawford
                                                     United States Magistrate Judge