**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

AMANUEL TESFAY,                          *

    Plaintiff,                             *

v.                                       *          Civil Action No. CJC-25-1242

TRAVEL CENTERS OF AMERICA,               *

    Defendant.                             *

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion for Reconsideration, filed on March 15, 2026. ECF No. 37. Plaintiff asks the Court to modify the January 22, 2026, Order and Judgment on Attorneys' Fees, ECF No. 34. Specifically, Plaintiff requests that the Court convert the dismissal of Plaintiff's case with prejudice to a dismissal without prejudice. Plaintiff also seeks a reduction in the award granting Defendant's attorneys' fees. Defendant filed a response in opposition to the Motion for Reconsideration on March 30. ECF No. 38. Plaintiff had until April 13 to file a reply memorandum but did not do so. No hearing is required to decide the issues raised in Plaintiff's Motion for Reconsideration. Loc. R. 105.6. For the reasons articulated below, Plaintiff's Motion is DENIED.

**PROCEDURAL HISTORY**

The filing of Plaintiff's Motion for Reconsideration is another event in a pattern of filing belated and legally unsupported motions and disregarding Court orders. The procedural history of this case makes the point and has been described in the Court's earlier opinions. *See* ECF Nos. 24, 33. That history is incorporated herein. Relevant here, Plaintiff's Motion for Reconsideration comes 52 days after the Court's conditional dismissal, in which the Court provided Plaintiff

thirty days to pay the judgment before the dismissal would convert to one with prejudice. ECF No. 33. Not only did Plaintiff fail to comply with this condition but Plaintiff waited an additional three weeks before filing the instant Motion for Reconsideration. Critically, Plaintiff did not timely respond to Defendant's initial request for a dismissal-with-prejudice sanction, ECF No. 23, and never opposed Defendant's motion for attorney' fees, ECF No. 25, despite having ample opportunity to do so.[1]

## LEGAL STANDARD

Plaintiff's Motion, styled as a request for reconsideration, fails to cite any supporting legal authority. Because the Motion seeks relief from a final judgment, the Court will analyze it pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure, which govern such requests. Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).  If the motion is filed after that window, the court considers it under Rule 60. *See Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 658 (D. Md. 2019). Plaintiff filed his Motion 52 days after the Court entered judgment. Thus, Rule 60 controls.

"Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025);

---

[1] On January 6, 2026, Plaintiff filed an omnibus "Motion to Dismiss Without Prejudice, Motion to Vacate Judgment, and Motion for Sanctions" in which Plaintiff attempted to: (1) unilaterally substitute ETA Trucking Service LLC as the party plaintiff, (2) reduce the amount in controversy to circumvent the Court's jurisdiction, and (3) request sanctions against Defendant. ECF No. 30. For the myriad reasons outlined in the Court's January 22 Memorandum Opinion, Plaintiff's omnibus motion was procedurally and substantively defective. The Court granted the omnibus motion in part insofar as it construed Plaintiff's "motion to dismiss" as a request for voluntary dismissal. ECF No. 34.

Fed. R. Civ. P. 60(b)(1)–(5). Rule 60(b)(6) also contains a "catchall" provision that allows a party to file a motion for "any other reason that justifies relief." *Id.* at 60(b)(6). This provision is reserved only for "extraordinary circumstances." *BLOM Bank SAL*, 605 U.S. at 212. A party moving for relief under Rule 60(b) must do so "within a reasonable time." Fed. R. Civ. P. 60(c)(1). If the party specifically seeks relief on the grounds of "(1) mistake, inadvertence, surprise or excusable neglect," (2) newly discovered evidence, or (3) fraud, the time for filing a motion is no later than one year after entry of judgment. *Id.*

In the Fourth Circuit, in order to prevail on a Rule 60(b) request, "a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (citing *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017)). After this threshold showing, the moving party "must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Id.* at 105–06 (citing *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). It is the burden of the moving party to "clearly establish the grounds for its motion to the satisfaction of the district court, and those grounds must be clearly substantiated by adequate proof." *Sec. & Exch. Comm'n v. Merrill*, Civil Action No. RDB-18-2844, 2021 WL 2826776, at *1 (D. Md. July 7, 2021) (citation modified).

**ANALYSIS**

Plaintiff's Motion—filed less than a year after the Court entered judgment—is timely, but it fails on all other prongs of the threshold analysis. Plaintiff raises no meritorious defense or exceptional circumstances to justify his request and granting him the relief he seeks would cause unfair prejudice to Defendant. Plaintiff's Motion is devoid of any supporting legal authority and

fails to address both the threshold four-part test and the specific enumerated grounds for relief under Rule 60(b).

Even a charitable reading of Plaintiff's Motion fails to establish a meritorious defense. "To establish the existence of a meritorious defense, a party must present or proffer evidence, which, if believed, would permit either the Court or the jury to find for the moving party." *Ebersole v. Kline-Perry*, 292 F.R.D. 316, 321 (E.D. Va. 2013) (citation modified). Plaintiff makes no such presentation or proffer here. Rather, Plaintiff tangentially argues that dismissal with prejudice is unfair because the underlying negligence claim was "never . . . adjudicated on the merits" and "concluded as a result of discovery disputes rather than a determination regarding liability or damages." ECF No. 37 at 3. This argument fails to satisfy the meritorious-defense factor and, furthermore, understates the nature of the Court's judgment. This case terminated before it could be adjudicated on the merits because of Plaintiff's repeated failures to abide by Court orders and protocol and participate in the litigation (including discovery and Court proceedings). *See* ECF No. 33 at 1–3 (describing Plaintiff's pattern of non-compliance).

Plaintiff has also failed to raise any "exceptional circumstances" that would warrant relief from judgment. Instead, Plaintiff generally accepts responsibility for the "litigation management issues" that arose and suggests that the Court's judgment is inequitable. ECF No. 37 at 2–4. But "a lawyer's ignorance or carelessness do not present cognizable grounds for relief under [R]ule 60(b)." *Vickers v. Pendleton Cnty. Bd. of Educ.*, No. 2:05 CV 43, 2007 WL 2455466, at *1 (N.D.W. Va. Aug. 24, 2007) (alteration omitted) (citing *Va. Info. Sys. Corp. v. Wang Lab'ys, Inc.*, 932 F.2d 338, 342 (4th Cir. 1991)), *aff'd sub nom. Sites v. Pendleton Cnty. Bd. of Educ.*, 262 F. App'x 520 (4th Cir. 2008). And the litigation management issues for which Plaintiff's counsel accepts responsibility have continued with the filing of Plaintiff's Motion for

Reconsideration. Plaintiff had several earlier opportunities to seek modification of the Court's orders and to respond to Defendant's requests for sanctions but at every juncture, Plaintiff fell silent. Plaintiff did not respond to Defendant's motion for sanctions, in which Defendant expressly asked for dismissal of the case. ECF No. 23. Plaintiff failed to raise *any* challenge to Defendant's request for attorneys' fees, despite now seeking a reduction of the fee award. ECF No. 25. Plaintiff took no action during the 30-day period that this Court provided for Plaintiff to pay the judgment before a dismissal with prejudice would take effect. ECF No. 34. And Plaintiff failed to respond in any fashion to Defendant's correspondence informing the Court that Plaintiff failed to pay the judgment and requesting entry of a dismissal with prejudice. ECF No. 35. Plaintiff waited until March 15, 2026, to seek reconsideration and offers no explanation for the delay. While Plaintiff's Motion is timely under Rule 60(b), the belated nature of the request aligns with Plaintiff's laissez-faire approach to this case and overall failure to prosecute.

Finally, while "a showing of unfair prejudice to the opposing party 'is of lesser importance' and 'not controlling,'" the Court finds that Defendant would suffer unfair prejudice if the Court were to convert the dismissal to one without prejudice and reduce the fee award. *Ruano v. Scratch Kitchen & Bistro, LLC*, Civil Action No. DKC-23-2461, 2025 WL 3718515, at *3 (D. Md. Dec. 23, 2025) (citation omitted). Plaintiff's own failure to cooperate in discovery has caused Defendant to expend additional time and resources in the defense of this case. Defendant filed three discovery dispute letters requesting Court intervention, one motion for sanctions, and another motion for attorneys' fees in connection with the pursuit of sanctions. ECF Nos. 16–17, 21, 23, 25. Allowing Plaintiff to engage in discovery violations, ignore Court orders, and pursue this case again after having failed to meaningfully participate in litigation is unfairly prejudicial to Defendant.

Having failed to satisfy (or even address) the threshold requirements pursuant to Rule 60(b), I decline to address any of the six enumerated grounds for relief.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion is DENIED. A separate Order consistent with this Opinion follows.

Date: April 17, 2026

      /s/
Chelsea J. Crawford
United States Magistrate Judge